IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHRISTOPHER A. GROVER,

                Plaintiff,

   v.

SANDRA L. SNIDER, AMANDA WHEELER,
SAWYER COUNTY CHILD SUPPORT,
LAC COURTE OREILLES TRIBAL CHILD
SUPPORT, MONICA M. CHASE AND
ADAN OJIBWAY,

                Defendants.

OPINION AND ORDER

20-cv-1046-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHRISTOPHER A. GROVER,

                Plaintiff,

   v.

DARCIE JO QUADERER,

                Defendant.

20-cv-1135-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff Christopher Grover, who is incarcerated at the Jackson Correctional Institution, has filed a proposed complaint in two different cases, alleging that various public officials and the mother of his children violated his constitutional rights in conjunction with a child support order issued in the Circuit Court for Sawyer County, Wisconsin in 2001. See State v. Grover, Sawyer County case no. 2001FA85.  His complaints in case nos. 20-cv-1046 and 20-cv-1135 are before the court for screening under 28 U.S.C. § 1915A.  For the

1

reasons below, I am dismissing plaintiff's complaints in both cases because this court plainly lacks subject matter jurisdiction over plaintiff's claims.

OPINION

A threshold question in any case is whether the court has jurisdiction over any of the claims that the plaintiff is trying to bring. Federal courts have limited jurisdiction, which means that they may hear a case only if Congress or the Constitution authorize it. As a result, I must determine whether subject matter jurisdiction exists, even if none of the parties raise the issue. McCready v. White, 417 F.3d 700, 702 (7th Cir. 2005).

Child support, child custody and alimony decisions fall within the areas of family and domestic relations, a subject that is exclusively governed by state law. Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992) (federal courts lack jurisdiction over domestic relations cases in which the relief sought would "involve[e] the issuance of a divorce, alimony, or child custody decree"); Rose v. Rose, 481 U.S. 619, 625 (1987) (quoting In re Burrus, 136 U.S. 586, 593-94 (1890)) ("[T]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States."); Moore v. Sims, 442 U.S. 415, 435 (1979) ("Family relations are a traditional area of state concern."); De Sylva v. Ballentine, 351 U.S. 570, 580 (1956) ("[T]here is no federal law of domestic relations, which is primarily a matter of state concern."). Federal courts must refrain from exercising jurisdiction over claims that would interfere with domestic-relations

2

issues that belong in state court.  Struck v. Cook County Public Guardian, 508 F.3d 858, 859 (7th Cir. 2007).

Moreover, lower federal courts are precluded by the Rooker-Feldman doctrine from reviewing state-court judgments.  That doctrine prevents a party "complaining of an injury caused by [a] state-court judgment" from seeking redress in a lower federal court.  Exxon Mobil Corp. v. Saudi Industries Corp., 544 U.S. 280, 291-92 (2005) (citing D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983)); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923)).  For the most part, litigants who feel that a state court proceeding has violated their federal rights must assert those rights in state court and then appeal that decision through the state court system and, as appropriate, to the United States Supreme Court.  Golden v. Helen Sigman & Associates, Ltd., 611 F.3d 356, 361-62 (7th Cir. 2010) (holding that Rooker-Feldman barred review of claims related to a state court divorce and child custody proceedings); T.W. by Enk v. Brophy, 124 F.3d 893, 898 (7th Cir. 1997) (applying Rooker-Feldman to Wisconsin child-custody decision).

Public court records available online show that plaintiff's family law case was transferred to the Lac Courte Oreilles Tribal Court in 2016, so it is possible that plaintiff may have some recourse in that court.  However, because plaintiff is challenging the child support decision reached in state court, he cannot proceed with his claims in this court.  This court also lacks the jurisdiction and authority to investigate any of the defendants for fraud, as plaintiff requests.  Therefore, I am dismissing the complaints filed in case nos. 20-cv-1046 and 20-cv-1135 for lack of subject matter jurisdiction.

ORDER

IT IS ORDERED that plaintiff Christopher Grover's complaints in case nos. 20-cv-1046 and 20-cv-1135 are DISMISSED for lack of subject matter jurisdiction. The clerk of court is directed to close these cases.

Entered this 15th day of January, 2021.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge